IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLIFTON-JEREL: JONES,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **PHILADELPHIA PARKING** | : | |
| **AUTHORITY, et al.,** | : | NO. 11-4699 |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**GENE E.K. PRATTER, J.**                                                         **OCTOBER 14, 2011**

*Pro se* Plaintiff Clifton-Jerel: Jones has sued multiple governmental entities charging their involvement in the allegedly unlawful confiscations of several of his cars for failure to pay parking tickets, as well as other alleged misconduct. Mr. Jones has filed the present motion petitioning for this Court's recusal from this case. The Court construes Mr. Jones's Motion to be a motion to reconsider the Court's September 14, 2011 Order, which denied Mr. Jones's first request for recusal.[1] For the reasons articulated below, the Court denies Mr. Jones's Motion.

**Background**

On September 14, 2011, the Court issued an Order (Doc. No. 7) denying Mr. Jones's request for the Court's recusal from this pending suit. The Court construed Mr. Jones's request for recusal to be brought under 28 U.S.C. § 455(a) and Canon 3(C)(1) of the Code of Judicial Conduct for United States Judges. In denying the request, the Court explained:

> The Court does not find that a reasonable person, upon reviewing Mr. Jones's Motion and attachments, and knowing all the circumstances, would harbor doubts about the undersigned judge's impartiality. None of the grounds raised by Mr. Jones—even if

---

[1] Because Mr. Jones appears as a *pro se* litigant, the Court construes his Motion liberally. *See Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002).

>accurate (which the Court does not accept, inasmuch as, by way of example only, Mr. Jones is in error concerning the current employment of the Court's family member, the scope of that family member's prior employment duties, and the formal relationships of the various public agencies and entities mentioned by Mr. Jones)—would justify, much less require, recusal from this case under 28 U.S.C. § 455(a) or Canon 3(C)(1).

Order at 1 n.2.

Thereafter, Mr. Jones filed the motion *sub judice* (Doc. No. 8) seeking reconsideration of that September 14 decision.

## **Legal Standard**

Reconsideration of a judicial decision is not permitted simply to allow a disappointed litigant a "second bite at the apple." *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). In other words, motions for reconsideration may not be used to reargue matters that have already been raised by the parties and that the Court has already considered and decided. *Calhoun v. Mann*, Civil Action No. 08-0458, 2009 WL 159276, at *1 (E.D. Pa. Jan. 22, 2009); *Ciena Corp. v. Corvis Corp.*, 352 F. Supp. 2d 526, 527 (D. Del. 2005).

Federal courts have a strong interest in the finality of judgments. Accordingly, courts grant motions for reconsideration only sparingly. *See Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa.1995). Indeed, the standard for reconsideration does not allow the Court to freshly reevaluate its previous decision anew; rather, the Court may grant a motion for reconsideration only in rare circumstances, such as when there is a need to correct a clear error of law or to prevent manifest injustice. *See Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)).

**Discussion**

In his current Motion, Mr. Jones does not appear to take umbrage with the Court's denial of his original request for recusal on the basis of 28 U.S.C. § 455(a) because he does not raise any objections to or arguments articulating any error in the Court's September 14th determination that there were no grounds for a reasonable person to question the Court's impartiality. Instead, it appears that Mr. Jones's motion for reconsideration petitions the Court to alter its original conclusion on the alternative grounds that disqualification is required under 28 U.S.C. §§ 455(b)(2), (b)(5)(i) and (b)(5)(iii), and Canon 3(C)(1)(b), 3(C)(1)(d)(i), and 3(C)(1)(d)(iii).

In light of Mr. Jones's arguments, it appears that the gravamen of his pending motion is an argument that reconsideration should be granted in order to prevent what Mr. Jones perceives would be a manifest injustice. Where the basis of a motion for reconsideration is to correct a manifest injustice, the moving party must persuade the Court that not only was the prior decision wrong, "but that it was clearly wrong and that adherence to the decision would create a manifest injustice." *In re City of Philadelphia Litig.*, 158 F.3d 711, 720-21 (3d Cir. 1998).

Mr. Jones has not met that burden. He has not established that adherence to the Court's prior decision creates a manifest injustice. Because Canon 3(C)(1) of the Code of Judicial Conduct for United States Judges mirrors the statutory provisions raised in Mr. Jones's Motion, the Court's disposition of Mr. Jones's arguments as to 28 U.S.C. §§ 455(b)(2), (b)(5)(i) and (b)(5)(iii) applies equally to his claims under Canon 3(C)(1)(b), 3(C)(1)(d)(i), and 3(C)(1)(d)(iii).

First, Mr. Jones's argument for disqualification under 28 U.S.C. § 455(b)(2) is without merit. Section 455(b)(2) requires recusal when "in private practice [the judge] served as lawyer

in the matter in controversy, or a lawyer with whom [the judge] previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it." Mr. Jones appears to focus only on the first of these bases, contending that disqualification is warranted here because the undersigned judge's alleged prior legal practice "concentrated in professional liability matters," which, according to Mr. Jones, is "the matter in controversy" in this litigation.

However, there is no legal authority that supports Mr. Jones's broad interpretation of the term "matter in controversy." Indeed, "matter in controversy" refers to the actual *case* that is pending before the Court, *i.e.*, *Clifton-Jerel: Jones v. Philadelphia Parking Authority, et al.*, rather than the legal subject(s) at issue in the suit. *See generally Sphere Drake Ins. Ltd. v. All Am. Life Ins. Co.*, 307 F.3d 617, 621 (7th Cir. 2002); *Blue Cross & Blue Shield of Rhode Island v. Delta Dental of Rhode Island*, 248 F. Supp. 2d 39, 46 (D.R.I. 2003); 13C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3544. As such, Section 455(b)(2) would require disqualification when, for example, the judge served as an attorney in the actual lawsuit that is before the Court. Given that Mr. Jones does not charge that the undersigned judge served as a lawyer in this lawsuit, and in the absence of any appropriate grounds for recusal under 28 U.S.C. § 455(b)(2), the Court concludes that disqualification would not be warranted under Section 455(b)(2).

Second, contrary to Mr. Jones's arguments, the Court's recusal is not warranted by 28 U.S.C. §§ 455(b)(5)(i) and (b)(5)(iii). At the outset, Mr. Jones has made several assertions concerning a family member of the Court (without proffering any evidence in connection with this Motion). However, those assertions are not accurate. Moreover, as the Court noted in its

4

September 14, 2011, Order, and which remains equally applicable here, "Mr. Jones is in error concerning . . . the scope of that family member's prior employment duties, and the formal relationships of the various public agencies and entities mentioned by Mr. Jones."

Nevertheless, even assuming his assertions are true or accurate, Mr. Jones does not raise valid grounds for recusal under Sections 455(b)(5)(i) and (b)(5)(iii). Those Sections require disqualification when a judge's spouse or "or a person within the third degree of relationship to either of them, or the spouse of such a person" "[i]s a party to the proceeding, or an officer, director, or trustee of a party" or "[i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. §§ 455(b)(5)(i), (b)(5)(iii). Mr. Jones acknowledges that the Court's family member is no longer employed in the position that, in Mr. Jones's opinion, presupposes disqualification under Sections 455(b)(5)(i) and (b)(5)(iii). He argues that, nonetheless, by virtue of the fact that the family member "held the previously mentioned title during the time in which these violations against me occurred," disqualification is necessary. However, this factual assertion does not support the conclusions that Mr. Jones attempts to draw from it. Without additional evidence to show that the Court's family member either is a party to this litigation, is an officer, director, or trustee of a party in this litigation, or has an interest that is known by the Court that could be substantially affected by the outcome of this litigation, Mr. Jones's assertion as to the Court's family member's prior employment alone does not warrant recusal under Sections 455(b)(5)(i) and (b)(5)(iii). Furthermore, there is no basis in fact or in law to believe or surmise that the Court's family member ever had any involvement, knowledge or relationship to or interest in anything related to Mr. Jones's issues.

Finally, to the extent that Mr. Jones intimates that the Court's decision to dismiss one of the named defendants without prejudice for failure to state a claim constitutes grounds for recusal, such an argument does not provide a legitimate basis for recusal absent a showing of any prejudice or personal bias against him or an appearance of impropriety.  As the Court previously recognized, Mr. Jones did not object to the Court's denial of his original request for recusal on the basis of 28 U.S.C. § 455(a).  Additionally, Mr. Jones raises no arguments contending that the Court is personally biased against him. Moreover, "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

Because there are no grounds for disqualification under any of the statutory provisions raised by Mr. Jones, the Court determines that no manifest injustice will or could result in denying his motion for reconsideration.  An Order consistent with this Memorandum follows.

BY THE COURT:

<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
United States District Judge