IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLIFTON-JEREL JONES** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **PHILADELPHIA PARKING** | : | |
| **AUTHORITY, et. al** | : | NO. 11-4699 |

**MEMORANDUM/ORDER**

**AND NOW,** this 8th day of July, 2014, upon consideration of the Motion of defendant, City of Philadelphia ("City") to Dismiss (ECF Document 51), pursuant to Fed. R. Civ. P. 12(b)(6), defendant's brief in support thereof, and plaintiff's Response thereto (ECF Doc. 54),[1] and following oral argument by telephone, it is hereby **ORDERED** that Defendant's Motion to Dismiss (Doc. 51) is **GRANTED**, and this case is **DISMISSED** in its entirety, without prejudice, in accordance with this Order.

**IT IS FURTHER ORDERED** that any remaining petitions, motions, and requests by plaintiff are **DISMISSED** as moot.

Following plaintiff's motion to proceed *in forma pauperis*, Judge Pratter granted the motion to proceed and ordered the initial Complaint to be filed (Doc. 2). Judge Pratter subsequently dismissed numerous claims against several named defendants, without prejudice (Doc. 7). Plaintiff thereafter filed an Amended Complaint (Doc. 9) and defendant, Philadelphia Parking Authority ("PPA"), filed a motion to dismiss the Amended Complaint (Doc. 14).

---

[1]Although this case was assigned to the Hon. Gene E.K. Pratter, it was subsequently reassigned to my calendar.

1

Plaintiff filed a response to the motion to dismiss (Doc. 17), and then filed a motion for leave to file another Amended Complaint (Doc. 22). Judge Pratter denied plaintiff's motion to file another Amended Complaint and granted Philadelphia Parking Authority's motion to dismiss (Doc. 29).

Plaintiff then filed a motion for summary judgment (Docs. 30, 31 & 37) and a motion seeking leave to file a Second Amended Complaint (Doc. 34), and Judge Pratter granted in part the motion to file a Second Amended Complaint and denied plaintiff's motion for summary judgment as moot (Doc. 38). In particular, plaintiff was granted leave to file a Second Amended Complaint as to his claims against the City of Philadelphia (Doc. 38).

The Second Amended Complaint was filed (Doc. 39), and defendant City of Philadelphia filed its Answer to the Amended Complaint (Doc. 41). Judge Pratter then ordered defendant City to file a "marked-up or 'redlined' version of Plaintiff's complaint" in accordance with the Court's previous Order which had provided a procedure for the City to file such a version of the Complaint and an opportunity for plaintiff to object if desired (Docs. 43 & 38). After the City complied, no objection was filed.

The case was thereafter reassigned to my calendar. Following defendant City's motion to dismiss for failure to state a claim (Doc. 51), plaintiff's response thereto (Doc. 54), and multiple telephone conferences and oral argument (Doc. 49, 52, 57), the case became ripe for disposition.

Pursuant to the Court's previous Orders and as the Court confirmed at conferences and oral argument, plaintiff's remaining claims in this action are his federal claims against the City of Philadelphia, pursuant to 42 U.S.C. § 1983, for alleged violations of his federal constitutional rights under the Fourth, Fifth and Eighth Amendments. Although the Second Amended

Complaint is far from a model of clarity, it appears to allege generally that the City has infringed upon plaintiff's right to travel on public roads, unlawfully searched and seized plaintiff and his car(s), imposed illegal fines, and cited him for code violations "that are not crimes."

In determining the sufficiency of a pro se Complaint the Court must construe the facts stated in the Complaint liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, a Complaint, including a pro se Complaint, must conform with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) requires that the Complaint be simple, concise, direct and set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). Courts do not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. The Supreme Court has instructed that Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or "naked assertions" that are devoid of "factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.*

"To survive a motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face.'" *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (quoting *Iqbal*, 556 U.S. at 678). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (the court is "not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Here, plaintiff's Second Amended Complaint relies on conclusory and insufficient allegations. It alleges purported "facts" such as "the City of Philadelphia . . . infringed upon my Right to Travel on the Public roads of the City," and that plaintiff has been "unlawfully detained and cited . . . for code violations that are not crimes." The Second Amended Complaint does not contain factual content sufficient to demonstrate that plaintiff is entitled to relief. *See, e.g., Bey v. Hillside Twp. Municipal Court*, 2012 WL 714575, *7 (D. N.J. 2012). Moreover, the Second Amended Complaint largely asserts legal conclusions, devoid of sufficient supporting factual statements, and these legal conclusions are entitled to no weight. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (citing *Iqbal*, 556 U.S. at 679).

Since the Second Amended Complaint does not "contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face," *see Sheridan*, 609 F.3d at 262 n.27 (quoting *Iqbal*, 556 U.S. at 678), it cannot survive defendant's motion to dismiss. In that the Second Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure and fails to state a claim by alleging sufficient facts to support a plausible claim on its face, the Second Amended Complaint must be **DISMISSED** in its entirety.

"[I]f a [claim] is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Wiest v. Lynch*, 2014 WL 1490250, *8 (E.D. Pa. 2014) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir.

2008)).  Therefore, here, plaintiff will be given another opportunity, if so desired, and the Second Amended Complaint is **DISMISSED** without prejudice to plaintiff's right to file a Third Amended Complaint, if he can do so within the confines of Rule 11(b), *see* Fed. R. Civ. P. 11(b), and in accordance with the Court's previous Orders in this case, within twenty (20) days. *Otherwise*, these claims are dismissed *with prejudice*.

                    BY THE COURT:


                     s/ L. Felipe Restrepo
                     L. FELIPE RESTREPO
                     UNITED STATES DISTRICT JUDGE