IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLIFTON-JEREL: JONES** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **PHILADELPHIA PARKING** | : | |
| **AUTHORITY**, *et al.* | : | **NO.   11-4699** |
| Defendants. | : | |

## MEMORANDUM

**RESTREPO, J.**                                                                                                   **MARCH 25, 2015**

Before the Court is the Motion of defendant, City of Philadelphia ("City"), to Dismiss Plaintiff's Third Amended Complaint, and plaintiff's opposition thereto.   For reasons which follow, defendant's motion is granted, and plaintiff's Third Amended Complaint ("TAC") (ECF Document 61) is dismissed.

### PROCEDURAL BACKGROUND

Although plaintiff originally brought this action against multiple defendants, by Order filed August 2, 2011 (ECF Document 2), the Honorable Gene E.K. Pratter dismissed as legally frivolous all claims against Philadelphia Mayor Michael Nutter, Governor Tom Corbett, and the Philadelphia Court of Common Pleas.[1]   By Order filed September 15, 2011 (Document 7), Judge Pratter modified that Order such that the claims which had been previously dismissed were dismissed without prejudice.

Plaintiff then filed an Amended Complaint against multiple defendants, and thereafter filed a motion for leave to file an Amended Complaint, and defendants filed a motion to dismiss.   By

---
[1] This case was originally assigned to Judge Pratter's calendar, and it was subsequently reassigned to me.

Order filed March 16, 2012 (Document 29), Judge Pratter concluded that "even after giving the most indulgent interpretation permissible to the current and proposed amended complaint(s) Plaintiff has not - - and, within the most generous interpretation of Plaintiff's stated concerns, cannot - - stated any cognizable claim."  Accordingly, Judge Pratter granted the motion to dismiss and denied plaintiff's motion for leave to file an Amended Complaint.

Plaintiff subsequently filed, among other things, a motion for leave to file a Second Amended Complaint ("SAC").  By Order filed March 27, 2013 (Document 38), Judge Pratter granted in part and denied in part plaintiff's motion for leave to file a SAC.  In particular, plaintiff was granted leave to file a SAC against the City of Philadelphia only, and the SAC was filed.  As to plaintiff's claims against all remaining defendants, plaintiff's motion for leave was denied with prejudice as futile.  On June 3, 2013, Judge Pratter ordered defendant City to file a "marked-up or 'redlined' version of Plaintiff's complaint as required by the Court's prior Order."  Defendant City did so, and the case was thereafter reassigned to me.

Following reassignment of this case to me, the parties confirmed at teleconferences and oral argument that plaintiff's remaining claims were his federal claims against the City, pursuant to 42 U.S.C. § 1983, for alleged violations of his federal constitutional rights under the 4th, 5th, and 8th Amendments.  *See* Mem./Order filed 7/9/14 (Documents 59 & 60), at 2.  Plaintiff's pleading alleged that the City had infringed upon his right to travel on public roads, unlawfully searched and seized plaintiff and his car(s), imposed illegal fines, and cited him for code violations "that are not crimes."  *Id.*  By Memorandum/Order filed July 9, 2014, plaintiff's SAC was dismissed in its entirety in that it "relie[d] on conclusory and insufficient allegations," and did "not contain factual content sufficient to demonstrate that plaintiff [was] entitled to relief."  *Id.* (citing, *e.g.*, *Bey v.*

2

*Hillside Twp. Municipal Ct.*, 2012 WL 714575, *7 (D. N.J. Mar. 5, 2012)). Plaintiff's pleading also improperly relied on asserted legal conclusions with no support. *Id.* Accordingly, plaintiff's SAC was dismissed, for failure to comply with Fed. R. Civ. P. 8 and failure to state a claim by alleging sufficient facts to support a plausible claim. *Id.* at 3-4. The SAC was dismissed without prejudice to give plaintiff another opportunity to attempt to make curative amendments to his pleading, if he could do so in accordance with the Court's Order. *Id.* at 5.

## DISCUSSION

Rule 12(b)(6) requires that courts evaluate a complaint to ensure it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012); *see* Fed. R. Civ. P. 12(b)(6). To be plausible, a Complaint must have "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and then determine whether a reasonable inference may be drawn that the defendant is liable for the alleged misconduct." *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 74 (3d Cir. 2011). However, "labels and conclusions" or "formulaic recitation of the elements of a cause of action" need not be accepted. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citations and internal quotation marks omitted). The plaintiff "must do more than allege the plaintiff's entitlement to relief, [but] 'show' such an entitlement with [his] facts," in order to survive a motion to dismiss. *Id.* at 211.

Here, plaintiff's TAC (Doc. 61) fails to cure the deficiencies pointed out in the July 9, 2014

Order.  Again, plaintiff has alleged "bald assertions [and] unsupported conclusions," and he has failed to provide support for his legal conclusions with factual statements sufficient to survive a motion to dismiss in this case, *see* Mem./Order filed 7/9/14 (Documents 59 & 60), at 3-4.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, n.3 (2007)) (Rule 8 "requires a 'showing' rather than a blanket assertion of entitlement to relief.").  Plaintiff's allegations are void of sufficient facts to state a claim to relief that is plausible on its face.  *See In re Schering Plough*, 678 F.3d at 43; *see also Cope v. Soc. Sec. Admin.*, 532 F. Appx. 58, 60 (3d Cir. 2013).  Nor does plaintiff allege sufficient facts to support a claim of a custom, practice or policy violating any of plaintiff's constitutional rights.  Making only conclusory allegations, unsupported by sufficient facts, plaintiff has failed to show in the TAC that he is entitled to relief.  *See id.*

Under Federal Rule of Civil Procedure 15(a)(2), plaintiff may amend its pleadings in this case "only with the opposing party's written consent or the court's leave."  Although leave to amend "shall be freely given when justice so requires," *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. 15(a)), leave to amend may properly be denied for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment," *see id.*  "The grant or denial of an opportunity to amend is within the discretion of the District Court."  *Id.*

Here, where plaintiff has been permitted to file at least four versions of his Complaint, each one failing to properly and sufficiently allege a claim for relief, dismissal of his Third Amended Complaint is with prejudice, in light of his "repeated failure to cure deficiencies by amendments

previously allowed," as well as the futility of giving plaintiff a fifth bite at the apple. *See id.*; *Mann v. Brenner*, 375 F. Appx. 232, 240 n.9 (3d Cir. 2010) ("we think the District Court was well within its discretion in finding that allowing [the plaintiff] a fourth bite at the apple would be futile"); *Williams v. Rider*, 2014 WL 3881624, *9 (M.D. Pa. Aug. 7, 2014) (denying plaintiffs further leave to amend where the Court had addressed multiple motions to dismiss and plaintiffs "had ample opportunity to state their claims").

    An appropriate Order follows.